IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## WILLIE GORDON v. VICTOR MURPHY ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-2814-23      Gina C. Higgins, Judge**

_____

### No. W2024-00038-COA-R3-CV

_____

Pro se Appellant, Willie Gordon, has appealed an order of the Shelby County Circuit Court that was entered on December 15, 2023. We determine that the trial court's order does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider the appeal. The appeal is, therefore, dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S., ARNOLD B. GOLDIN, J.; KENNY ARMSTRONG, J.

Willie Gordon, Memphis, Tennessee, Pro Se.

Lani D. Lester, Memphis, Tennessee, for the appellees, Victor Murphy, TIVIC Construction Company, Lisa Ivy, Ludora Cooper, and The Memphis-Shelby County Community Redevelopment Agency.

### MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, on July 2, 2024, the Court directed Appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. Appellees filed a Motion to Dismiss, citing similar concerns.

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

In July 2023, Appellant initiated the present case against Defendants/Appellees, Victor Murphy, TIVIC Construction Company, Lisa Ivy, Ludora Cooper, and the Memphis-Shelby County Community Redevelopment Agency, asserting claims of personal injury, gross negligence, fraud, and breach of contract. Appellees filed a Motion to Dismiss, which on December 15, 2023, the trial court entered an order granting in part and denying in part. The trial court's order did not dispose of the claims against Victor Murphy and TIVIC Construction Company on Appellant's claim for breach of contract. Further, there was no language in the trial court's order that satisfies Rule 54.02 of the Tennessee Rules of Civil Procedure, which permits a trial court to make an otherwise interlocutory order final by "an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment."

On August 1, 2024, Appellant filed a response to this Court's show cause order. His response failed to supplement the appellate record with a final judgment, and it did not provide any explanation or argument as to whether the trial court's order was a final, appealable order. Following a second show cause order entered by this Court, Appellant filed another document that was not responsive to the show cause orders. In summary, Appellant has failed to show good cause why this appeal should not be dismissed for lack of a final judgment.

As the order appealed does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. Thus, the appeal is hereby DISMISSED. Costs on appeal are taxed to Appellant, Willie Gordon, for which execution may issue.

PER CURIUM